IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02198-BNB

DAWANE ARTHUR MALLETT,

     Plaintiff,

v.

K. VARGAS,
PAYNE,
DAVID B. BERKEBILE,
PATRICIA RANGEL,
R. MARTINEZ,
PAUL LAIRD,
A. ALVEREZ, and
J. MARTINEZ,

     Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Dawane Arthur Mallett, is a prisoner in the custody of the Federal

Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in

Florence, Colorado.  Mr. Mallett has filed *pro* se a Prisoner Complaint (ECF No. 1).  The

court must construe the Prisoner Complaint liberally because Mr. Mallett is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Mallett will be ordered to file an amended complaint.

The Prisoner Complaint does not comply with the pleading requirements of Rule

8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give

the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc*., 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Mallett asserts three claims for damages in the Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  "Under *Bivens*, an individual has a cause of action *against a federal official* in his individual capacity for damages arising out of the official's violation of the United States Constitution *under color of federal law or authority*."  *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (emphasis in original).

Mr. Mallett contends in claim one in the Prisoner Complaint that his First Amendment rights have been violated because federal prison officials have opened and inspected his outgoing legal mail from 2012 to 2014 and destroyed the mail if it includes

2

a grievance against BOP staff.  He also contends that "a few similar grievances were allowed out."  (ECF No. 1 at 6.)  Although Mr. Mallett alleges that he has maintained a log of the missing mail, he does not provide specific allegations regarding when his legal mail has gone missing or been destroyed.  Mr. Mallett also fails to provide specific factual allegations that demonstrate how each Defendant he mentions in connection with claim one personally participated in the alleged First Amendment violation.

Mr. Mallett similarly alleges in claim three in the Prisoner Complaint that his First Amendment rights have been violated because prison officials have opened and destroyed all legal mail addressed to the Fremont County Clerk and Recorder. However, Mr. Mallett does not allege when his legal mail addressed to the Fremont County Clerk and Record was opened and destroyed, and he fails to provide specific factual allegations that demonstrate how each Defendant he mentions in connection with claim three personally participated in the alleged First Amendment violation.

Mr. Mallet contends in his second claim in the Prisoner Complaint that his Eighth Amendment rights were violated between January and March of an unspecified year and in April and May 2014.  He alleges in support of the Eighth Amendment claim that he has been sexually assaulted on numerous occasions, hit with a metal baton, and denied recreation on several occasions.  Mr. Mallett apparently asserts the Eighth Amendment claim against Defendant J. Martinez, although he also refers to another Defendant in claim three without providing specific factual allegations that demonstrate how anyone other than J. Martinez personally participated in the alleged Eighth Amendment violation.  Mr. Mallett also fails to provide specific factual allegations regarding when the alleged Eighth Amendment violations occurred.

Mere vague and conclusory allegations that federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.

Mr. Mallett will be ordered to file an amended complaint if he wishes to pursue his claims in this action.  Mr. Mallett should name as Defendants only those persons he contends violated his federal constitutional rights.  Mr. Mallett "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Mallett file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Mallett shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Mallett fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed.

DATED September 4, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge