**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02198-CMA-MJW

DAWANE ARTHUR MALLETT,

    Plaintiff,

v.

J. MARTINEZ, Correctional Officer,

    Defendant.

---

**AMENDED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant J. Martinez's[1] motion to dismiss with prejudice Plaintiff Dawane Arthur Mallet's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. # 29.)  Mr. Mallet has not filed a response to Mr. Martinez's motion.  Because Mr. Mallett refused to sit for his deposition without justification despite a warning that failure to participate could result in the dismissal of this action with prejudice, Mr. Martinez's motion is GRANTED.

### I.    BACKGROUND

Mr. Mallett is in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum Facility ("ADX") in Florence, Colorado.  The only remaining claim in Mr. Mallett's complaint is an alleged violation of his Eight

---

[1] The Court amends its prior Order dated August 4, 2015 (Doc. # 30), to reflect that the motion to dismiss under consideration pertains to Defendant J. Martinez, not Defendant R. Martinez.

Amendment rights.  On June 10, 2015, Magistrate Judge Michael J. Watanabe granted Mr. Martinez's Motion for Leave to Take the Deposition of Plaintiff.  (Doc. # 27.)  Mr. Mallet's deposition was set to take place on June 24, 2015.  (Doc. # 27.)  Magistrate Judge Watanabe's Minute Order granting Mr. Martinez's motion explicitly advised Mr. Mallett that "his failure to participate in the noticed deposition may very well result in the imposition of sanctions, which could include dismissal of his action with prejudice." (Doc. # 27.)  Mr. Mallett acknowledged receipt of Magistrate Judge Watanabe's June 10, 2015 minute order on June 18, 2015.  (Doc. # 29-1 at 10.)

On the morning of June 24, 2015, Mr. Martinez's counsel traveled to ADX in order to depose Mr. Mallett.  When Mr. Mallett was asked by staff at the facility if he was ready for his deposition, Mr. Mallett stated that he was "not coming out [of his cell]" and "wasn't going to waste his time."  (Doc. # 29-1 at 6.)  Mr. Mallett was watching television during this interaction with facility staff.  (Doc. # 29 at 6.)  Mr. Mallett's deposition did not take place.  Mr. Martinez filed the instant motion to dismiss on July 9, 2015.  (Doc. # 29.)

## II.   ANALYSIS

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  When deciding a motion for an involuntary dismissal under Rule 41(b), the Court applies the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (". . . Rule 41(b) involuntary dismissals should be determined by

reference to the *Ehrenhaus* criteria."). The five factors set forth in *Ehrenhaus* are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921.

With regard to the first *Ehrenhaus* factor, Mr. Mallet's refusal to sit for his deposition has caused actual prejudice to Mr. Martinez because it has prevented Mr. Martinez for obtaining discovery necessary to prepare his defense in this matter. In addition, Mr. Martinez lost time and money when his counsel traveled to Florence for a deposition that never occurred.

With regard to the second *Ehrenhaus* factor, Mr. Mallet's refusal to sit for his deposition significantly interfered with the judicial process. Magistrate Judge Watanabe ordered that Mr. Martinez "shall be permitted to depose [Mr. Mallett] at the United States Penitentiary, Administrative Maximum, in Florence, Colorado, on June 24, 2015, or on any rescheduled date." (Doc. # 27.) Neither Mr. Mallett nor Mr. Martinez requested that Mr. Mallett's deposition be rescheduled. Thus, in refusing to sit for his deposition, Mr. Mallett ignored Judge Watanabe's minute order and flouted this Court's authority. Mr. Mallett's refusal to cooperate in the discovery process also prohibits the "just, speedy, and inexpensive" determination of this action, in direct contravention of Federal Rule of Civil Procedure 1.

With regard to the third *Ehrenhaus* factor, Mr. Mallet is solely responsible for his failure to appear at his deposition. Mr. Mallet was at ADX on the morning of June 24,

2015, and available to be deposed by Mr. Martinez's counsel. When facility staff asked Mr. Mallett if he was ready for his deposition, he responded that he was voluntarily not going to leave his cell because he did not want to waste his time. (Doc. # 29-1 at 6.) The record indicates that Mr. Mallett is solely responsible for his failure to appear at his deposition.

With regard to the fourth *Ehrenhaus* factor, Mr. Mallett was explicitly warned of the consequences of his failure to sit for his deposition. Magistrate Judge Watanabe's June 10, 2015 Minute Order clearly stated, "Plaintiff is advised that his failure to participate in the noticed deposition may very well result in the imposition of sanctions, which could include dismissal of his action with prejudice." (Doc. # 27.) Mr. Mallett acknowledged receipt of Magistrate Judge Watanabe's June 10, 2015 minute order. (Doc. # 29-1 at 10.)

With regard to the fifth and final *Ehrenhaus* factor, the Court finds that lesser sanctions would be ineffective. A monetary sanction would likely have little effect as Mr. Mallett already has very limited resources. In addition, the Court believes that an order compelling his appearance at a deposition would be futile as Mr. Mallett has already indicated that he has no intention of being deposed.

Therefore, it is ORDERED that Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute is hereby GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

DATED: August 4, 2015  BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

5